UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

_____

LATICE JOHNSON,

               Plaintiff,        1:16-cv-00974-MAT

     -v-                         **DECISION AND ORDER**

NANCY A. BERRYHILL,
Acting Commissioner OF Social Security,

               Defendant.

_____

## INTRODUCTION

Latice Johnson ("Plaintiff"), represented by counsel, brings this action pursuant to Title XVI of the Social Security Act ("the Act"), seeking review of the final decision of the Acting Commissioner of Social Security ("Defendant" or "the Commissioner") denying her application for supplemental security income ("SSI"). The Court has jurisdiction over the matter pursuant to 42 U.S.C. §§ 405(g), 1383(c). Presently before the Court are the parties' competing motions for judgement on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. For the reasons set forth below, Plaintiff's motion is granted to the extent that the matter is remanded for further administrative proceedings and Defendant's motion is denied.

## PROCEDURAL BACKGROUND

On May 10, 2013, Plaintiff protectively filed for SSI, alleging disability beginning August 31, 2012. Administrative Transcript ("T.") 130-35. The claim was initially denied on July 17, 2013, and Plaintiff timely requested a hearing. T. 80-88. A

hearing was conducted on June 18, 2015, in Buffalo, New York by administrative law judge ("ALJ") Stephen Cordovani. T. 31-69. Plaintiff appeared with her attorney and testified. An impartial vocational expert ("VE") also testified.

The ALJ issued an unfavorable decision on September 17, 2015. T. 12-28. Plaintiff timely requested review of the ALJ's decision by the Appeals' Council. T. 29-30. On November 17, 2016, the Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner. T. 1-6. Plaintiff then timely commenced this action.

**THE ALJ'S DECISION**

The ALJ applied the five-step sequential evaluation promulgated by the Commissioner for adjudicating disability claims. *See* 20 C.F.R. § 404.1520(a). At step one of the sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the application date. T.17.

At step two, the ALJ determined that Plaintiff had the "severe" impairment of degenerative disc disease of the lumbar spine with foraminal narrowing. *Id*. The ALJ also determined that Plaintiff's medically determinable impairments of glaucoma, right hip contusion, and hypertension were non-severe and created no significant work-related functional limitations. *Id*.

At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meets or medically

2

equals an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. The ALJ specifically considered Listing 1.04. T. 18.

Before proceeding to step four, the ALJ assessed Plaintiff as having the residual functional capacity ("RFC") to perform sedentary work as defined in 20 C.F.R. 416.967(b), with the following limitations: no bending to the floor; all work performed at waist level or higher; occasional ramps and stairs; no kneeling, crouching, crawling, or ladders, ropes, or scaffolds; alternate sitting and standing at will. *Id.*

At step four, the ALJ determined that Plaintiff had no past relevant work. T. 22. At step five, the ALJ relied on the VE's testimony to find that, taking into account Plaintiff's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, including the representative occupations of document preparer, printed circuit board assembly screener, and finisher. T. 23. The ALJ accordingly found that Plaintiff was not disabled as defined in the Act. *Id.*

## SCOPE OF REVIEW

A district court may set aside the Commissioner's determination that a claimant is not disabled only if the factual findings are not supported by "substantial evidence" or if the decision is based on legal error. 42 U.S.C. § 405(g); *see also Green-Younger v. Barnhart*, 335 F.3d 99, 105-06 (2d Cir. 2003). The

district court must accept the Commissioner's findings of fact, provided that such findings are supported by "substantial evidence" in the record. *See* 42 U.S.C. § 405(g) (the Commissioner's findings "as to any fact, if supported by substantial evidence, shall be conclusive"). "Substantial evidence means 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Shaw v. Chater*, 221 F.3d 126, 131 (2d Cir. 2000) (quotation omitted). The reviewing court nevertheless must scrutinize the whole record and examine evidence that supports or detracts from both sides. *Tejada v. Apfel*, 167 F.3d 770, 774 (2d Cir. 1998) (citation omitted). "The deferential standard of review for substantial evidence does not apply to the Commissioner's conclusions of law." *Byam v. Barnhart*, 336 F.3d 172, 179 (2d Cir. 2003) (citing *Townley v. Heckler*, 748 F.2d 109, 112 (2d Cir. 1984)).

**DISCUSSION**

Plaintiff contends that remand is warranted for the following reasons: (1) the ALJ failed to give good reasons for his rejection of the opinion of treating physician, Dr. Sidra Anwar; (2) the ALJ failed to properly evaluate the opinion of treating physical therapist, Wayne Burnett; and (3) the ALJ failed to consider Plaintiff's use of a medically required cane. For the reasons discussed below, the Court finds that remand of this matter for further administrative proceedings is required.

4

## I.    Rejection of Treating Physician's Opinion

Plaintiff argues that the ALJ failed to give good reasons for rejecting the opinion of Plaintiff's treating physician, Dr. Sidra Anwar. Plaintiff further contends that had Dr. Anwar's disability-supporting opinion been given the appropriate weight, a finding of disability would have necessarily followed.

Dr. Anwar completed three separate forms regarding Plaintiff's functional limitations. The first, completed on July 8, 2013, was a Physician's Medical Form for Medicaid transportation. T. 189. On this form, Dr. Anwar diagnosed Plaintiff with lower back pain and sciatica, and reported Plaintiff was able to ambulate approximately two-to-three feet at a time, with the assistance of a cane or walker. Dr. Anwar opined Plaintiff was in need of Medicaid transportation because her back pain hindered her from driving, and that Plaintiff was otherwise unable to ambulate secondary to her severe lower back pain and sciatica. *Id*.

On September 30, 2013, Dr. Anwar completed a Medical Examination for Employability Assessment form. Dr. Anwar diagnosed Plaintiff with sciatica, with an expected duration of more than twelve months. T. 190. Dr. Anwar opined Plaintiff was moderately limited in her ability to walk, stand, sit, and function in a work setting at a consistent pace. She further opined Plaintiff was very limited in her ability to lift, carry, push, pull, bend, climb stairs, and do other climbing. T. 191. Dr. Anwar explained she had

been treating Plaintiff for six months and that Plaintiff "is unable to lift even moderately heavy objects, unable to bend, [but] can perform light tasks at level of upper body." She expected these restrictions would last for more than twelve months. *Id*.

Finally, on July 11, 2014, Dr. Anwar co-authored a letter with attending physician Dr. Elizabeth Kuruvilla, opining that at that time, Plaintiff was significantly limited in daily activities, which was affecting her quality of life. They did not provide a functional analysis, but opined Plaintiff was unfit to work at that time, though her pain was being managed with oral and topical medicine, and she had been referred to physical therapy. They noted that Plaintiff was being continually assessed in their clinic and if her pain significantly improved, she would be cleared back to work. T. 284.

Under the Commissioner's regulations in place at the time the ALJ issued his decision, a treating physician's opinion is generally entitled to "controlling weight" when it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record." 20 C.F.R. § 404.1527(c)(2); *see also Green-Younger v. Barnhart*, 335 F.3d 99, 106 (2d Cir. 2003). An ALJ may give less than controlling weight to a treating physician's opinion if it does not meet this standard, but must "comprehensively set forth [his or her] reasons for the

weight assigned to a treating physician's opinion." *Halloran v. Barnhart*, 362 F.3d 28, 33 (2d Cir. 2004); *see also* 20 C.F.R. § 404.1527(c)(2) ("We will always give good reasons in our notice of determination or decision for the weight we give [the claimant's] treating source's opinion."). When determining how much weight to afford a treating physician's opinion, the ALJ is required to consider "the length of the treatment relationship and the frequency of examination; the nature and extent of the treatment relationship; the relevant evidence, particularly medical signs and laboratory findings, supporting the opinion; the consistency of the opinion with the record as a whole; and whether the physician is a specialist in the area covering the particular medical issues". *Burgess v. Astrue*, 537 F.3d 117, 129 (2d Cir. 2008) (quotation marks, alterations, and citations omitted); *see also* 20 C.F.R. §§ 404.1527(c)(1)-(6). However, the ALJ need not expressly discuss each of these factors, so long as his "reasoning and adherence to the regulation are clear." *Atwater v. Astrue*, 512 F. App'x 67, 70 (2d Cir. 2013) (citing *Halloran*, 362 F.3d at 31-32).

In his decision, the ALJ assigned little weight to Dr. Anwar and Dr. Kuruvilla's opinions, noting that the treatment records and Plaintiff's level of function did not show such restrictive limitations. T. 21. Specifically, the ALJ noted that while Dr. Anwar opined Plaintiff was only able to walk two-to-three feet

7

at a time with a cane, the Plaintiff testified she is able to walk to the corner store near her house. Further, the ALJ noted the opinions appeared to be based solely on Plaintiff's subjective complaints. Finally, he noted that the opinions were offered prior to the presence of any objective medical testing, namely the MRI that showed degenerative disc disease with foraminal narrowing. T. 21-22. The opinions of Dr. Anwar and Dr. Kuruvilla were the only physicians' opinions considered by the ALJ. No consultative examination had been sought or obtained. Plaintiff's physical therapist submitted an opinion, which the ALJ also declined to accept. T. 22. The ALJ did not rely on any other medical opinion in assessing Plaintiff's RFC.

The Court finds that the ALJ adequately explained his decision to assign less than controlling weight to the opinions of Dr. Anwar and Dr. Kuruvilla. Specifically, the ALJ found the opinions to be inconsistent with Plaintiff's testimony, based on Plaintiff's subjective complaints, and generally unsupported by objective medical evidence.

Plaintiff testified at the hearing she is able to walk twice daily to the corner store (T. 52), which is inconsistent with Dr. Anwar's July 2013 statement that Plaintiff is only capable of walking two-to-three feet at a time. *See* T. 189. An ALJ may permissibly use such inconsistencies between a Plaintiff's own statements and a treating physician's opinion when evaluating the

8

weight to be afforded to that opinion. *See Scitney v. Colvin*, 41 F.Supp.3d 289, 303 (W.D.N.Y. 2014) (finding the ALJ properly used Plaintiff's testimony, which was inconsistent with the treating physician's opinion, as one of many reasons to reject the opinion).

The ALJ also permissibly concluded that Dr. Anwar's opinions were based on Plaintiff's subjective complaints, given the minimal objective medical evidence available at the time the opinions were given. An ALJ may reject an opinion that is nothing more than a provider's "recording of [the claimant's] own reports of pain." *Polynice v. Colvin*, 576 Fed.Appx. 28, 31 (2d Cir. 2014). A review of Plaintiff's treatment notes corresponding with Dr. Anwar's September 2013 opinion indicates the most recent diagnostic test (a lumbar spine x-ray performed in June 2013) showed no deformities or fractures, and that Plaintiff stated she was unable to sit or stand for prolonged periods of time, was in significant distress from walking two blocks, and is only able to lift light weight, such as a grocery bag with eggs and bread. The treatment notes also note Plaintiff was requesting social security disability paperwork at that appointment. T. 209-10. Dr. Anwar's functional assessment and description of Plaintiff's limitations correspond exactly with Plaintiff's subjective complaints. *See* T. 191. Moreover, and as the ALJ explained, Dr. Anwar's opinions were all offered prior to the presence of any objective medical testing that established a

medically determinable impairment. These circumstances further bolster the ALJ's contention that Dr. Anwar's opinions were based solely on Plaintiff's subjective statements, and not on Dr. Anwar's objective medical findings. Accordingly, the Court finds the ALJ acted within his discretion affording little weight to the medical opinions of record.

However, while the ALJ did not err in affording less than controlling weight to the opinions of Plaintiff's treating physicians, the Court agrees with Plaintiff that his rejection of these opinions left the record devoid of any medical opinion on which to base a substantially supported RFC assessment. Accordingly, the Court finds that remand of this matter for further proceedings is required.

The Commissioner's regulations provide that a claimant is responsible for furnishing evidence upon which to base an RFC assessment. *See* 20 C.F.R. §§ 404.1512(a) and 404.1545(a)(3). However, "the ALJ generally has an affirmative obligation to develop the administrative record [before making a disability determination.] This duty exists even when the claimant is represented by counsel." *Perez v. Chater*, 77 F.3d 41, 47 (2d Cir. 1996) (internal citation omitted). Although an ALJ is not required to obtain a medical opinion where the record is sufficient to make an informed decision, an ALJ is not qualified to assess a claimant's RFC based on bare medical findings. *Wilson v. Colvin*,

10

No. 13-CV-6286P, 2015 WL 1003933, at *21 (W.D.N.Y. Mar. 6, 2015)
(citing *Daily v. Astrue*, 2010 WL 4703599, at *11 (W.D.N.Y. Oct. 26,
2010)).

By rejecting the opinions of Dr. Anwar and Dr. Kuruvilla (as
well as the opinion of Plaintiff's physical therapist), the ALJ
created a void in the medical record, leaving only bare medical
findings from which to make an RFC finding. Failing to fill this
gap (which the ALJ could have done in a number of ways, including
ordering a consultative examination), was error. *See McCarthy v.
Colvin*, 66 F.Supp.3d 315, 322 (W.D.N.Y. 2014) ("The lay evaluation
of an ALJ is not sufficient evidence of the claimant's work
capacity; an explanation of the claimant's functional capacity from
a doctor is required.") (quoting *Zorilla v. Chater*, 915 F.Supp.
662, 666-67 (S.D.N.Y. 1996)). Furthermore, it is well-established
that an ALJ is not "permitted to substitute his own expertise or
view of the medical proof for the treating physician's opinion or
for any competent medical opinion." *Greek v. Colvin*, 802 F.3d 370,
375 (2d Cir. 2015) (internal citations omitted).

In the absence of a medical opinion, Plaintiff's treatment
notes alone cannot constitute substantial evidence in support of
the ALJ's conclusion. Although the record contains treatment notes
relating to Plaintiff's degenerative disc disease, it does not
contain medical assessments as to the severity of Plaintiff's
condition, nor an assessment of how it might impact Plaintiff's

functional capacity. While treatment records may be used to support a conclusion based on medical findings and acceptable medical opinions, it was error for the ALJ to substitute his own interpretation of the medical record for the opinions of treating or examining medical professionals. *See Dennis v. Colvin*, 195 F.Supp.3d 469, 473 (W.D.N.Y. 2016) (remand required where the ALJ erroneously evaluated treatment notes and diagnostic testing to support the RFC finding, in the absence of a relevant medical opinion).

Moreover, this is not a case in which Plaintiff's physical impairments were so minimal that the ALJ could permissibly make a common sense judgment as to Plaintiff's residual functional capacity. *See Dailey v. Astrue*, No. 09-CV-0099(A)(M), 2010 WL 4703599, at *11 (W.D.N.Y. Oct. 26, 2010). ("[W]here the medical evidence shows relatively little physical impairment, an ALJ permissibly can render a common sense judgment about functional capacity even without a physician's assessment") (internal quotation omitted). Accordingly, the ALJ could not assess Plaintiff's RFC without relying on some competent medical opinion.

As a result of the ALJ's failure to appropriately develop the record, remand is warranted. *See McCarthy*, 66 F.Supp.3d at 322 (remanding where ALJ discounted the only medical opinion that assessed claimant's functional limitations and instead relied on his own assessment). On remand, the ALJ should obtain updated

medical opinions from Plaintiff's treating physicians or an opinion from a consultative physician, as appropriate.

## II. Plaintiff's Remaining Arguments

Plaintiff has also argued that the ALJ failed to properly evaluate the opinion of her treating physical therapist and failed to evaluate her use of a medically required cane. Having found remand necessary as explained above, the Court need not and does not address Plaintiff's remaining arguments.

CONCLUSION

For the foregoing reasons, Plaintiff's motion for judgment on the pleadings (Docket No. 9) is granted to the extent that this matter is remanded to the Commissioner for further administrative proceedings consistent with this Decision and Order. The Commissioner's opposing motion for judgement on the pleadings (Docket No. 10) is denied. The Clerk of the Court is directed to close this case.

**ALL OF THE ABOVE IS SO ORDERED.**

S/Michael A. Telesca

_____
HONORABLE MICHAEL A. TELESCA
United States District Judge

Dated:    August 2, 2018
          Rochester, New York